UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J. CHRISTOPHER GALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV2079 RWS |
| | ) | |
| AECOM TECHNICAL SERVS., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This newly removed case is before me on defendant's motion to dismiss. According to plaintiff's state court petition, plaintiff brings a breach of contract claim for unpaid commissions and severance pay promised under a written agreement. Although the petition asserts that the agreement is attached as Exhibit A, no Exhibit A appears in this Court's file. Plaintiff also seeks his commissions under an alternative quantum meruit theory. Defendant moves to dismiss plaintiff's claims on the ground that they are barred by Missouri's five-year statute of limitations. Defendant attaches a letter allegedly summarizing plaintiff's employment agreement with defendant's predecessor-in-interest as Exhibit 1 to its memorandum supporting dismissal, but the Court has no way of knowing whether this is, in fact, the written agreement referred to as Exhibit A to plaintiff's petition. Plaintiff opposes dismissal, although he didn't provide the Court with his Exhibit A, either. Plaintiff argues that Missouri's ten-year statute of limitations, Mo. Rev. Stat. § 516.110(1), applies to his breach of contract claim because he is suing to enforce a written promise for the payment of money. In support of his argument, plaintiff relies upon a Missouri Supreme Court case, Hughes Development Co. v. Omega Realty Co., 951 S.W.2d 615, 617 (Mo. banc 1997), in which the court held that "the ten-year statute of limitations applies to every

breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract." As plaintiff appears to be seeking money agreed to be paid under a written contract, it would seem that defendant's motion to dismiss plaintiff's breach of contract claim must be denied. See Rolwing v. Nestle Holdings, Inc., 437 S.W.3d 180, 183 (Mo. banc 2014) (affirming that "the 10-year statute of limitations applies when a plaintiff files suit to enforce a written promise to pay money."). Defendant does not cite or address the Missouri Supreme Court decisions discussing the distinction or applicability of the five and ten year statutes of limitations to breaches of written contracts, instead relying solely on a decision out of this Court, affirmed by the Eighth Circuit Court of Appeals, from the 1970s.

Defendant fares slightly better with its motion to dismiss the quantum meruit claim, as plaintiff acknowledges that a five-year limitations period applies to that claim. However, plaintiff contends that his action is still timely because he was unable to ascertain his damages until defendant refused to pay his commission, which he asserts was within the five-year limitations period. However, his petition as currently pled contains no such supporting allegations. Therefore, I will grant plaintiff's alternative motion to amend his complaint to allege facts demonstrating that his quantum meruit claim was timely filed. Plaintiff should also attach his Exhibit A written agreement to his amended complaint so that the record is clear.

As for defendant's final argument that plaintiff cannot base his claim for severance pay on an employee handbook, I agree with plaintiff at this time that the state court petition does not allege entitlement to severance pay based on a handbook. However, it does not, as plaintiff argues, allege that severance pay was promised in the written agreement, either. Instead, plaintiff

simply alleges that "pursuant to [defendant's] company policy, plaintiff is upon his separation from [defendant], entitled to receive an amount equivalent to nine (9) weeks of his base salary and for Severance Pay . . . ." [Doc. #4 at 3]. In his amended complaint, plaintiff shall set out the basis for his claim for severance pay and cite the section of his written agreement where this claim to benefits can be found. Then if defendant still believes it is entitled -- consistent with the Federal Rules of Civil Procedure and counsel's attendant ethical obligations -- it may move for dismissal of some or all of plaintiff's claims in the amended complaint. However, any such motion shall comply with the Federal and local rules regarding motion practice and shall discuss, and if necessary distinguish, current, relevant case law.[1]

Accordingly,

**IT IS HEREBY ORDERED** that **defendant's motion to dismiss [#5] is denied.**

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint consistent with this Memorandum and Order by no later than **February 2, 2015.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2015.

---

[1] Certainly, this includes Missouri Supreme Court decisions on limitations periods for contract actions.